on behalf of the people, Ms. Joe Frick. Thank you. Mr. Rogers. I'd like to take care of some business first. There's a motion filed by the state to amend the brief. I believe you have no objection. Is that correct? Yeah, no action will be allowed. Thank you. You may proceed. Thank you. Good morning. May it please the court, counsel? As this court knows, there are two issues here. One is substantively, the other is procedural. The substantive issue is whether the trial court violated the defendant's statutory right to demand a jury trial at his fitness hearing. The threshold procedural question is to do with mootness. I think analytically, mootness is the horse and the substantive issue is the cart, so I'd like to just take a few minutes to talk about mootness. As you know, there are three exceptions to the mootness doctrine. Public interest, capable of repetition, collateral consequences. I only need one of them to apply. I would rely on the Supreme Court's decision issued just this morning in Holt to invoke the public interest exception as I did in the reply brief. I would add that, as I argued in the opening brief and in the reply brief, the capable of repetition exception also applies here. The defendant does have a history of mental illness, doesn't he, in contact with the system in that regard? He has some. I'm not sure how extensive it is, but to remind the court, this court granted a motion to supplement the record in this case with the guilty plea hearing that was part of the record in the companion appeal. They haven't been consolidated, and I did so because I think that transcript illustrates that the question of the defendant's fitness very well may arise again if and when this court vacates the convictions. That would bear on the issue of capable of repetition, right? Exactly. And frankly, I think the capable of repetition exception was almost subsumed as part of the public interest exception because one of the requirements of the public interest exception is that the issue is likely to recur. And they addressed that. That was the most troublesome aspect of the public interest exception for the Supreme Court in Holt, primarily because they said, well, there's not a lot of cases that are like this. But nonetheless, despite the dearth of precedent, I believe it's paragraphs 47 and 48 where they talk about this in the Holt decision. They said they don't think that that case would be the only case in which there was a conflict between the defense attorney and the defendant herself as to whether the defendant was fit or not. And I would say it's just as likely that there are, in addition to the case that's before the court today, there are other cases out there where there would be a conflict between the defendant personally and defense counsel as to whether a fitness hearing should be before a judge or a jury. And in fact, Haynes, to kind of shift to the merits here, Haynes, the case that I rely on, on the merits, which held that the defendant does have a personal right to make the decision about whether to have a jury or not at a fitness hearing. So even though there's no constitutional right, as we know, Section 14-12 in Haynes clearly has determined the defendant does have a right to personally demand a determination of fitness. Nothing that the Supreme Court has issued since Haynes has changed that, has it? No. The state, as you know, asked that this case be held in abeyance pending Haynes. And that decision came out this morning? Almost miraculously, yes. Holt. It came out today. Holt, yes. Holt came out this morning. And Holt didn't mention Haynes by name. Holt is a completely different substantive issue. It has to do with once the decision has been made whether to have a fitness, once there is a fitness hearing, what counsel's duty is at the fitness hearing as to whether counsel has a duty to argue for a client's fitness, even when client, even when the defendant, when defense counsel, excuse me, has reason to believe that the defendant is in fact unfit. This case is not about what counsel's obligations are at the hearing. This case is about who gets to decide whether the hearing is before a judge or a jury. And, in fact, in Haynes, it was a jury. And originally, though, it had been, there had been a waiver of a jury in Haynes. And then later on, and I think this is at paragraph 28 of the Holt decision that talks about this, it went from being a bench fitness hearing to a jury fitness hearing, and because the defendant decided that she wanted a jury trial. Haynes, Holt doesn't really talk about whether Haynes is correctly decided or anything like that. It doesn't, this doesn't deal with this issue. But it, at least that paragraph shows that they had an opportunity to address it, and they chose not to, and I think correctly so, since the issue really wasn't before them. So your position on the merits is simple. Yes. You have 114-12 as interpreted by Haynes. The defendant does have the right to court-committed reversible error, right? Exactly. In fact, the state has conceded that Haynes applies. What about the fact that there's a plea of guilty? Doesn't that kind of waive all procedural defects prior? No, because, because the plea of guilty itself, which is the subject of the other appeal, is invalid because this debauchery appeal is pending. And so- So should these be consolidated? Well, in hindsight, perhaps so, but I didn't, the state didn't, this court didn't, nobody did seek to have them consolidated. But in fact, there is a motion pending in the other appeal, the 2014 appeal, which is from the convictions, from the guilty plea. I filed a motion about five, six weeks ago asking this court to vacate the convictions on the ground that they were, on the grounds that they were void since the interlocutory appeal was pending. Has the objection time passed? Ms. Kripke filed an objection. I believe she filed it in Stanter. I don't know, I don't think the, I don't think any of the motions have been granted. So all those motions are pending. But in her objections, she did not object. She, in fact, I think explicitly agreed that the convictions were void because of the pending interlocutory appeal. What's the basis of the appeal on the plea, that he was unfit and therefore the plea should be vacated? Pardon me, Judge? What was the basis of your appeal relative to the plea of guilty? The basis of the appeal is that under this court's decisions in, I believe it's Elsholtz and Mutesha, they're cited in the motion that I filed in the other case. A trial court lacks jurisdiction to enter a final judgment in a case while there's an interlocutory appeal pending from a finding of unfitness. And we said in those cases, and it applies to trial courts and the parties, move to dismiss the appeal, then you have jurisdiction again. And since you didn't do that, the trial court didn't have jurisdiction to take the plea. Right. I mean, and all that happened really before I was even aware of, I was even assigned to handle this appeal. You write these decisions and no one reads them. Now, you're on the record, Mr. Rogers, so be careful. I do, Judge. I cannot speculate. I'm not going to speculate what anybody reads or doesn't read or what they understand or don't understand. They draw blue all over again. Yeah. And that's frankly, I think, one of the reasons why this court should apply a mootness exception doctrine here because it doesn't speak to the 2014 problem, to the issue of the 2014 appeal. But it's important, I think, to let the trial court know and to let prosecutors know and to let defense attorneys know. When a defendant says at a fitness hearing, I demand a jury, there has to be a jury. And I don't want to overstep my place here, but I would urge this court to publish that so that it's out there so that everybody knows about it. Does he also have the decision as to whether or not it's a 6-person or a 12-person jury? That is not something that I even considered. I don't think Haynes talked about that constitutionally. Since it's not a constitutional right to a jury, I don't even know what the answer to that question would be. But there has to be a jury as opposed to the judge making the finding. So, in response to my question about whether or not the plea of guilty waives procedural error, am I to understand that your argument is that there is an appeal pending wherein the defendant appellant is claiming that what transpired subsequent is a nullity because the trial court lacked jurisdiction. And therefore, we are to disregard the plea of guilty or the proceedings that follow the appeal, notice of appeal in this case? Exactly. Thank you. I have nothing to add unless this court has any further questions. I just want to clarify that all you're really asking for is that we vacate the finding of a fitness? In this appeal, that's correct. Yes. And if we do that, will that have any effect without disclosing any attorney-appointed privilege discussions whether or not this might affect your arguments on the appeal relative to the nullity? If, for instance, if we find that it's moot, would it change anything relative to your claim that it was a nullity? If you find that this appeal is moot and declined to address it because it's been restored to fitness. If we agree with you, if you so state, then would that not possibly give credence to your appeal in the 2014 case? Yes. But if we find that it's moot, what would that do? That would leave the finding of unfitness intact and it would leave the, I don't think that would affect the 2014 appeal at all because the interlocutory appeal is still pending and it's not whether you win the interlocutory appeal that matters. What matters is whether it's pending or not. But you're saying that no matter what we do, you win. I think, frankly, the ultimate outcome of this... I would hope you would be frank, but... I'm sorry, lawyer's bad habit. Make sure you read our decisions. Yes, that's true. I think the ultimate outcome in this case when you put everything together is it has to go back to square one. And since he's been restored to fitness, once the guilty plea is vacated, it will go back. He will be presumed fit. There is a possibility, as there always is, that he may, that somebody may have a bonafide doubt as to whether he's fit. There may be a necessity for another fitness hearing. There may be another jury demand for a fitness hearing, another demand to have a fitness hearing before a jury. And hopefully at that point they would know that that demand has to be honored. And then given the outcome of the 2014 appeal, assuming this court grants the relief I requested, the court would know, the trial court would know that it can't enter a conviction if the defendant files an appeal for an order finding him unfit. And so, but basically I think that's what, procedurally I think that's what has to happen. It has to go back to square one. I have no other questions. Thank you. Do you have an opportunity to make a comment? Ms. Kripke? Good morning. May I please support? Joan Kripke on behalf of the people of the state of Illinois. Counsel. I disagree with some of the statements made by defendant's counsel here. In terms of the mootness, I don't think the collateral consequences apply. I don't think the repetition, the capability of repetition may or may not apply. The public policy, two out of the three do apply. I'm just not sure that the record here has enough in it to show that there's definitely a possible recurrence in this particular case. But as to the substantive issues that the defendant brought up, I would like to address those. And first I would like to address Haynes. Because I went back and looked at Haynes and looked at the language in it that the court's relying on. And I went down all the levels up to all the cases that are cited on. And what happened is the Supreme Court in Haynes cited to a Supreme Court decision in a case called People v. Brown. And they cited to all of Brown except they left off the citation that Brown relied on. So when you go through the paragraph that they're relying on, and I'll read the paragraph to you. It says, defendant asserts, however, that it is inconsistent to try a person's competency to stand trial. And at the same time, accept his tender jury waiver as being understandingly made. This argument has some surface appeal, but we do not think it makes a tendered jury waiver a nullity as defendant contends. And why not? The other side of the coin is that it would be reversible error for the trial court to deny a competent defendant's jury waiver. And then Brown cites to a case called Spiegel. And when you go back and look at Spiegel, Spiegel has nothing to do with competency. They don't even discuss competency. There was a totally competent defendant who came into court and his jury demand was overridden. So what the court did in Brown. You said his hearing demand. Did you mean his jury waiver demand? Which, yes, the jury waiver demand. Whatever the demand was of the defendant in Spiegel had nothing to do with his competency. And what this court, and so what they've done is they've built an opinion on Haynes based on two mushed together concepts that are mutually exclusive. So let me see if I can then call out the essence of your opinion. Are you taking the position that Haynes does not stand for the proposition that the defendant has a right to personally demand determination of fitness by a jury? No. I'm saying that he has that right. He has a statutory right. But what Haynes is talking about when you go through is they're talking about the language that came out of a case for someone who is demanding his constitutional right. And those are two separate rights that we have going on. Well, you recognize there's a statute that gives a defendant that right. It gives him the right. Irrespective of Haynes, correct? Correct. But what the statute does is gives him the right or the state. It gives the defense counsel, included in the defense counsel, the defendant and the state or the court, well, the first two to make the demand or for the court to decide whether or not the fitness evaluation determination should be before a court, before a bench or before a jury. In this particular case, it's not disputed that the defendant wanted a jury determination of fitness, correct? That's correct. It didn't happen, did it? It did not. But there is nothing that says that although the defendant may make that demand, defendants can make lots of demands. They can petition the trial courts for lots of things. But that doesn't mean the court has to grant it. Does Haynes say that the defendant has the right to demand a jury statutory right? Yes, but it's saying— Is Haynes a Supreme Court case? Haynes is a Supreme Court case. We don't have the authority to overrule Haynes. I understand that. What I'm saying is that it's not the logic that is employed in Haynes. What they are saying is once the defendant makes the jury demand, we cannot do anything but grant that defendant's wish. And that's incorrect decision in Haynes because Haynes was predicated on Brown, which was predicated on Spiegel, and that was not a competency decision. Do we have an obligation to follow Haynes or not? I would say in view of Holt, you absolutely should not follow Haynes. What does Holt have to do with a jury demand? Because what Holt is talking about is what happened in this case is first of all, it was defense counsel who made the request for the fitness evaluation. So already the defense counsel had an issue with his client's fitness. And once the fitness evaluation came down and said the defendant is not fit for trial at this point but can be brought to fitness, the court then said, counsel, I understand that the two of you are stipulating to the psychologist's finding, and they both said yes, and the defendant's saying, I want a jury, I want a jury. Well, what Holt is saying is that a counsel does not have to push and advocate for whatever his incompetent defendant or someone he suspects is incompetent. He does not have to do that. I think you're right. But why is that absolutely inconsistent with the defendant demanding a jury determination of fitness? Because the court doesn't have to grant it. The court doesn't have to grant it? No. Why? Because it's not a constitutional right. It's not one of the five constitutions. It's a statutory right. So the court can ignore a statutory provision? It does not say, it says it gives the defendant, it gives the defense or the state the right to demand a jury. It doesn't say that the court has to necessarily grant that demand. Do you have a case that says where a party to an action, either a civil or criminal case, demands a jury that a court has the authority to override that statutory right? This, this. What case? This statute says the court can make a determination whether or not to have a jury or a bench. Isn't it reasonable to assume that that is in a vacuum in the sense that if neither the defendant or the state makes a demand, then maybe the judge has the opportunity to decide on whether the judge wants a jury, similar to courts in equity where they use juries as triers of fact but don't necessarily give the jury the opportunity to exercise equity or the concepts of equity. That may be true. But what Justice Burkett is saying is once the, he's asking me, you're asking me, Justice Burkett, to give you a case that says when a defendant makes a jury demand for a statutory demand that he must receive it. There are all kinds of statutory rights that are given to defendants to make all kinds of demands in court. They can do PC, that's statutory. That is, once the defendant petitions the court under the Post-Conviction Act, that does not mean that the trial court who reviews a petition must grant that petition. My question, I'm sorry, my question was whether or not you have a case that stands for the proposition that a trial court has the authority to override a jury demand where the statute gives that right to a party. I don't, but it's not, it's not a constitutional right. Haynes makes that clear. Haynes disagrees. It's not a constitutional right. It's a, Haynes talks about the statutory right and the defendant has that right. And Haynes has predicated, mushes together constitutional rights and statutory rights. Do we have the authority to overturn Haynes? We don't, do we? You have an obligation to look at Haynes and to decide whether or not you think Haynes was properly decided. Oh, really? We have the right to overrule the... Not to overrule, I said you have an obligation to look at it and to make a determination. If it was not properly decided, wouldn't we be overruling it? You don't have to follow it. Oh, really? You don't have to rely on it. You do not have to rely on it. And I don't think there is any case that says that when a defendant has a statutory right to make some kind of a demand in court, that the court has to grant that statutory right. You're saying that, when you said we don't have to rely on it, you're suggesting that we can just ignore the argument of the party? No. And the cases that they cite? I mean, the Supreme Court has told us we have an obligation to acknowledge the arguments of the parties and the cases they cite, if they're on point, and it's from a superior court. We have an obligation to follow it. We can write an opinion that suggests that maybe that reasoning was in error, but we must follow it. I disagree with that to the extent that I think that you can... I would say that the case can be looked at from the perspective that you suggested, Justice Burkett. Is there a case out there that says that a court, and I can't answer this, but I don't believe that there's anything that requires a trial court to grant every statutory demand that a defendant puts before it? We're not talking about every demand. We're talking about this particular one. But it's a statutory demand. If this horse is dead, we should pull it away. I'd like to ask you some questions about the conclusion in your brief. You say, wherefore, the people of the state of Illinois respectfully request that this honorable court consider whether the cause is moot, and if it determines it is not moot, hold the interlocutory appeal of defendant Thomas Coy in abeyance until the Supreme Court enters its opinion in Holt, and assess fees, and so on. And now my question to you is, Holt has been issued, and since Holt has been issued, your request for us to hold this in abeyance is, I think, moot. And you ask us to consider whether this is moot or not, and we're doing that. Now, assuming, since I'm not precognitive, that we decide that it's not moot, what do you want us to do? Merely affirm and not vacate the order, or do you want us to do something else? Like, affirmatively state that a trial court does not have the duty to grant a jury trial to someone who makes a statutory demand for it. It's not a jury trial. It's a jury who will determine his fitness. And there's a difference between a demanced constitutional demand for a jury trial, of which he has a due process right. I'm not arguing the point. I'm suggesting to you the possibility as to what your prayer or your conclusion might be. So let's assume for the moment that it's not moot. Okay. And let's assume that I'm giving you the authority or the power to amend your conclusion to state what it is that you would like to see this court do. I would like this court, then, to affirm the trial court's determination the defendant was unfit to stand trial despite the defendant's, because the court had the authority to deny defendant's demand to have his fitness determined by a jury. Based on what case? I have no case, but I think that it logically follows. I would be happy to research this, but I think that it logically follows that a statutory right given to a defendant to make whatever legal demand before a court, and this is just one of those many legal demands, does not require, and logically speaking, how could it require, a trial court to grant every single one of the defendant's demands. I'm going to ask you a blunt question. How would you like our decision to read in light of Haynes? What do we say about the Supreme Court's decision in Haynes that ostensibly gives the defendant the right to personally demand a jury determination of fitness? What do we say about Haynes? That it was wrongly decided? Really? Well, I would encourage the Supreme Court to reconsider its decision in Haynes given the fact that the statute, that A, that Haynes appears to confuse constitutional and statutory rights. That's number one. There's a premise that you've presumed in this anthemine, which is that Haynes is not distinguishable from the facts in this case, that they are either the same or substantially the same, and therefore, either Haynes controls or, as you are inferring now, it was wrongly decided and we should suggest that the Supreme Court reconsider Haynes. So my question to you is let's deal with the first premise that has to be established, that either it is or it isn't distinguishable from our case. And if it is distinguishable and you say it is, then we don't have to follow Haynes. So the question that I cannot answer for you without rereading Haynes is whether or not the trial counsel in Haynes, how a fitness hearing came to fore in that particular case. In this case, the question of the defendant's fitness was brought to the forefront by his own counsel. And so the counsel was already in an adversarial position to his own client. And once the fitness evaluation came out saying that the defendant was not fit for trial, you now had the defense counsel's suspicions confirmed. You had professional opinion saying that this man was not fit for trial at that point in time. And you have a court who's looking and you have the state joining in with the defense saying let's, this person should, you know, we recognize what the psychologist found that this man is unfit to proceed. If we had the other scenario that you can put here is let us presume for a moment that the trial court said, yes, I understand, counsel, what you were saying. However, defendant has made a demand for a jury. And let's say a jury comes in and they look at the psychologist's report and maybe nobody even testifies. And they just say, you know what, we're not going to follow that report. We find this person fit to stand trial. Now, you've got a constitutional obligation that this man cannot be put on trial while he is unfit. And so what is the counsel supposed to do at that time? So you have to look at it from the flip. What if he had granted that request? That is why I'm saying I don't think Haynes, once the defendant makes that determination, once the defendant makes that request for a jury, that a court must blindly follow. And that's why I'm saying Holt is applicable here. Because Holt says that, that counsel must not blindly follow the wishes of its defendant when there's a determination. Wait a second. Is there anything in this case, in this record, that says that defense counsel in this case was opposed to the jury demand? I would say by the fact that the defense counsel did not speak up for the jury demand, was opposed to it by his silence, his acquiescence. The trial court just overruled the defendant's request for a jury. Right. He just didn't acknowledge it. Because he didn't. He thought he was not fit to demand it. So how did Holt even come into play here? How would the Holeen Court have anything to do with this if the defense attorney isn't advocating for another position? Then why would Holt apply here? Because what the court has been questioning me is saying, well, the defendant has made this demand and we must follow this demand. And Holt will tell you, no, the defense counsel does not have to speak up for his defendant, for his client. He can oppose his client. And in this case he was opposing his client. By saying nothing, he opposed it, according to you? Yes. Really? Okay. Well, isn't it true that when we're talking about waiving a jury or waiving a right to counsel, that the court must, if there's a discussion in court before trial about whether we're going to proceed with a bench or proceed with a jury, and the defendant's there, and the counsel speaks up and says, well, we're going to do X, and then the defendant on appeal says, no, no, I wanted Y. The law always says, you were in court, you had an obligation to speak up and to say something and to oppose your counsel, and your silence is acquiescence. Are there certain things in the criminal law arena that only the defendant can decide for himself or herself? Five constitutional rights which aren't in play here. What about the right to a jury trial? A jury trial. The defense attorney decides that issue? No, a jury trial. Well, it's a jury determination of fitness, isn't it? No, that's statutory. A defendant is entitled to, constitutionally, is entitled to a fitness determination. That is true, but that does not mean it's a statutory right of whether or not that fitness determination. He is entitled, as a matter of constitutional law, due process, guarantees that he has a right to a hearing on the issue of his fitness, and the General Assembly has said a defendant may demand a jury for that determination, and we have an obligation to respect that statutory scheme unless, and of course follow Haynes, unless there's some showing that it would interfere with the court's ability to control its docket, etc. We have to read these statutes and our rules together, don't we? You do, but I don't understand what part of the language may make a demand obligates the court to grant that demand. There are, again, the defendant may file motions in limiting. Well, what should it say in order to do what the appellant is claiming? Does it say he must make a demand, or on the third Tuesday of every month he may make a demand? I mean, what language do you think is necessary that supposedly would, quote-unquote, give him an inviolate right to make a jury demand? I think that the statute needs to say... Here's the point about the statute. You have to read the whole statute. Correct. A court, once there's been a determination of fitness and somebody's found unfit, then after that, all those proceedings are by bench, by the court. Okay. But the initial determination of fitness is by a jury or by the court, depending upon whether the defendant, the state, makes a demand. And in the absence of such a demand, the court can't say, this is going to be a jury. It doesn't say in the absence? It does not say in the absence. Well, if you read the statute, the clear language of the statute is the state and the defendant both have the right to make a jury demand. Or the court. It's written in... Or the court can make the decision. It's written in Parameteria. And unfortunately, I agree with Justice Burkett that Parameteria suggested his interpretation was correct. Unfortunately? Fortunately. Unfortunately, yes. I was thinking of the U.N. at the time. I still would question... First of all, I think it's a poorly worded statute. Second of all, I know you're asking me for case law that says, but once you have, and especially in this situation, I think that because this is only a statutory right, and because it's written in the language, it doesn't obligate any of the actors to proceed in any certain manner. In this situation, I think that the court has a right to overrule or not to grant the demand of the defendant. So let me see if I caught the essence of your position. You can see there is a clear and unambiguous statutory right for a personal determination. The defendant can make a decision to have a jury determine fitness, correct? Correct. And that right, according to you, is trumped by this nebulous rule of a judge can ignore that without any case authority to support that. I would not call it, A, the judge ignoring it, B, a nebulous rule. Not granting it, not granting it, if that makes you feel better. Under what theory, this nebulous theory, the trial judge always has the right to trump the defendant's demand, under what case law it says that? I guess I don't have a specific case that says that. Well, is that a problem if you don't have a case to support that argument? Because when I've practiced before this court, when we, when all the times when a defendant says, I requested X through a motion in limine, again, through a petition in a PC, in a motion for a new sentence, there is nothing, I've never seen this court rule, you know, the defendant made this motion and the court abused its discretion by failing to grant the defendant's demand for X in a motion in limine, or refused to grant the defendant's motion for a lesser sentence, or refused to grant the defendant's motion to overturn the finding of guilt. When, this is logic, it's the way the court system works. The trial court has the authority not to grant a demand, however it's put orally at this point by this man saying I want a jury. Demand, let's look at the language, you know, you're way past your time, but demand is a demand, which the essence of a demand is that it's going to be ordered. When a person has a right to demand something, they have a right to receive that something they've demanded. And the court, and I believe, occasionally courts will look at a defendant and the state and the defendant want a jury trial, the court may perceive that he might have some bias against the defendant because of pretrial proceedings, like here where the court says in the plea proceeding, I'm not taking the plea, acting like a normal person. The judge might have felt in a situation like that, I'm biased, there's going to be a jury. But when a defendant or the state demands a jury, that means you get a jury. The question here is whether or not the defendant who has been determined to be, by opinion, unfit, not a factual determination, but an opinion from an expert, whether or not the court can override that, which is what happened here. That's the simple question, right? But first of all, the language, a jury can override something that is demanded. And the statute says the defendant or the state may demand a jury. He may demand it. That doesn't mean the court must grant it. A jury demand is possibly the only time I've ever, I can think of, and you have more collective and individual expertise than I, but where is the word demand ever used except in association with the term jury? It's a jury demand. It's a term of art. It's not a motion, it's not a demand for a motion in limine. It's not a demand for a trial. Well, today I've heard you say it repeatedly, that it's equivalent to a demand to make a motion in limine. And someone may have a right to make a motion in limine, assuming that it's done in a timely fashion, but they don't have a right to have it granted. And you seem to conflate the idea that these demands relative to a motion in limine that are very often refused are similar or substantially the same. And they aren't, because the right to demand something doesn't always carry with it, as it does apparently in the statutory situation, the right to get the relief that you're demanding. And you cite in rebuttal or to attempt to argue your position to analogous situations where I've never heard a case or never read a case, nor as a matter of fact heard an argument before, that a defendant making a demand in a motion in limine is by right entitled to relief. Correct. And that's what I'm saying here. He has a statutory right to file a motion in limine. He has a statutory right here to make a jury demand. But statutory rights do not have to be granted. And for that reason, we believe that if you're not going to find that this case is moved, that you should affirm the decision of the court below. Thank you. Thank you. Any other questions? Mr. Hudson. No. Justice Hudson. Justice Burkett. Any other questions? Thank you. Mr. Rogers. Any rebuttal? Just very briefly, Your Honor. Are you sure? Yes. Well, can you answer her? The thrust of her argument is, look, yes, the legislature has ostensibly granted this right, but it's trumped by the court's overall authority to decide whether or not you get it. What sayeth you to that? I say that, first of all, that's not supported by the language of the statute, which uses the word demand. And as Ms. Kripke said, that is a term of art. And there's a difference between a demand and a request. A demand is something that, by definition, has to be granted. In a civil jury, which is what the fitness is, it's quasi, it's civil in nature, there are some criminal aspects to it because it can be detained if there's a finding on fitness. But in the civil context, once a party makes a timely jury demand, must there be a jury trial? I am not competent to say whether there has to be a civil case. Is there a case where a trial court can override a properly made jury demand? No, I don't. I think the word demand means you have the right to insist upon. That's how I would interpret, if I was to use a synonym or a phrase as a synonym for demand, as a right to insist upon. And the trial court cannot ignore that. And demand is not only used in the context of asking for juries. It's used, for one example, in the context of demanding a speedy trial. You don't request a speedy trial. You demand a speedy trial. Now, it's subject to all sorts of rules about when the clock runs and when it doesn't, but that's a separate question. This statute says demand. And to say that it doesn't mean what it says is contrary to the ordinary canons of statutory interpretation, and I don't think really implements what the legislature intended and how Haynes interpreted the statute. I think Ms. Christie's arguments about whether Haynes is correctly decided are being made to the wrong court, as I think Your Honors recognize. Those arguments can be made to the Supreme Court, and the Supreme Court can decide for itself whether it should overrule Haynes or not. At one point, she used the phrase, that's the way the system works. Frankly, I forget exactly what context she used that sense. But one of the things that we as lawyers and everybody that justices have to do and accept is that you have to respect the process. And the process here is we have a controlling Supreme Court decision. If you look at page four of her brief, she admits that Haynes gives the defendant the right to demand a jury. And I think she's now trying to change her position. So you have a controlling Supreme Court case. This court, even if it was obvious to everybody that Haynes was wrongly decided, this court can't ignore it. And you can suggest, I'm not urging you to do that, but you certainly have the power to, in your opinion, to suggest that perhaps Haynes should be reconsidered. But that is as far as this court can go. This court has no choice but to apply Haynes to this case unless it finds that it's moot. And for the reasons I have given, I don't think that this issue is moot. I think that an exception should apply. So I would just ask for the same relief, namely that the order of finding McCoy unfit be reversed. Thank you. Thank you. Cases will be taken under advisement. Court is adjourned.